# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff, | : | Case No. 3:08cv0469 |
| vs. | : | District Judge Walter H. Rice |
| | | Magistrate Judge Sharon L. Ovington |
| LARRY E. EALY, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Larry E. Ealy, a resident of Dayton, Ohio, brings this case pro se seeking the removal to this Court of a state-law traffic case presently pending before Visiting Judge James R. Ruppert in the Dayton Municipal Court. Ealy basis his removal on 28 U.S.C. §1443(a), presumably §1443(1) since this statute does not contain a subsection (a). He requests "removal to the U.S. District Court Western Division because of the denial in the state court of rights secured by Federal Civil Rights Laws." (Doc. #3 at 2).

Under 28 U.S.C. §1443, "Any of the following ... criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for equal civil rights of citizens of the United States...." Such a state criminal case must be removed "not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier" unless the defendant shows good cause for a later removal. 28 U.S.C. §1446(c)(1). A review of Montgomery County, Ohio public records reveals that Defendant was

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

arraigned in the Dayton Municipal Court on certain traffic misdemeanor charges on February 12, 2008. *See State of Ohio v. Larry E. Ealy, Sr.*, 2008-TRD-003189 (available at http://www.daytonwejis.com (criminal/traffic case database). Because Defendant's arraignment in state court occurred well over 30 days ago, and because the materials he filed in the present case fail to show good cause for permitting him to effect an untimely removal of his state case to this Court, his attempted removal is untimely.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Larry E. Ealy's attempt to remove a state court case presently pending against him in the Dayton, Ohio Municipal Court, *State of Ohio v. Larry E. Ealy, Sr.*, 2008-TRD-003189, be DENIED;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. This case be terminated on the docket of this Court.

The Clerk of Court is directed to mail a copy of this Report to Mark E. Owens, Clerk of the Dayton Municipal Court.

January 6, 2009

                    s/ Sharon L. Ovington
                     Sharon L. Ovington
                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).